UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA, on relation of its Department of Transportation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, *et al.*,<br><br>　　　　　　Defendants. | Case No.: 2:16-cv-00665-APG-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Motion to Strike Tio DiFederico's Supplemental Report (ECF No. 45), filed on December 2, 2016. The Defendant Landowners filed their Response (ECF No. 60) on December 23, 2016 and Plaintiff filed its Reply (ECF No. 66) on January 9, 2017. The Court conducted a hearing in this matter on January 12, 2017.

**BACKGROUND**

This action arises out of the State of Nevada's taking, or proposed taking, of a portion of the Defendants' vacant land located on Martin Luther King Boulevard for "Project Neon," a project to widen Interstate Highway 15 between Desert Inn Road and the U.S. 95;1-515 Interchange in Las Vegas, Nevada. The State filed its action to condemn the subject parcel in exchange for fair compensation on February 24, 2016 in the District Court, Clark County, Nevada. Defendant Internal Revenue Service removed the action to this court on March 25, 2016.

The Defendant Landowners allege a counterclaim for "precondemnation" damages. As stated in *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 229,181 P.3d 670 (2008), to support a claim for precondemnation damages, the landowner must allege facts showing an official action by the would-be

condemner amounting to an announcement of intent to condemn.  Second, the landowner must show that the public agency acted improperly following the announcement of its intent to condemn.  Unreasonable or extraordinary delay in moving forward with the condemnation proceeding can constitute improper action which causes damage to the landowner such as reduced market value of the property.   In this case, the Defendant Landowners alleged that the State engaged in unreasonable or extraordinary delay that prevented them from developing an office building on the property.  The Landowners seek precondemnation damages for rental income that they would have earned if they could have developed the property.  They also seek interest and other charges on the promissory note for the purchase of the property, and attorneys' fees and architectural service fees relating to the rezoning of the property for commercial use.

The discovery plan and scheduling order entered on May 10, 2016 provided that initial expert witness disclosures were due on September 20, 2016, rebuttal expert witness disclosures were due on October 20, 2016 and discovery would close on November 21, 2016.  *Scheduling Order (ECF No. 20)*.  On September 20, 2016, the court granted the parties' stipulation to extend the initial expert witness disclosure deadline to September 27, the rebuttal expert witness disclosure deadline to October 27, and the close of discovery to November 28, 2016.  *Order (ECF No. 29)*.

On September 27, 2016, Plaintiff State of Nevada disclosed its appraiser expert witness, Tami L. Campa, and produced a copy of her September 27, 2016 report which valued the Defendant Landowner's just compensation claim at $167,000 for the diminished value of the property resulting from the partial taking. *Motion (ECF No. 45),* Exhibit 4 (Plaintiff's Initial Expert Disclosure).  On that same date, the Defendant Landowners disclosed Tio DiFederico, a real estate appraiser, as their expert witness, and produced a copy of his September 27, 2016 report which valued the Defendant Landowners' just compensation claim at $215,000 for the reduced value of the property and for a temporary construction easement. *Motion (ECF No. 45),* Exhibit 3 (Defendant Landowners' Second Supplement to List of Witnesses and Production of Documents) ("Second Supplement").

Defendant Landowners' Second Supplement also stated that Defendants Darrell Jackson, Thomas Strawn, Jr. and Andrew Levy would testify "regarding all of the facts and circumstances surrounding the taking and damaging of the subject property, including precondemnation damages." *Id.*

Under the computation of damages section, the Second Supplement stated that the Defendant Landowners' precondemnation damages include the loss of rental income and lost development/professional expenses for the office building they were unable to build due to Project Neon. *Id.* The Defendant Landowners further stated that they would be "timely supplementing their calculation of lost rental income upon review and consideration of the expert's value opinions." *Id.* The Defendant Landowners served their Third Supplement to List of Witnesses and Production of Documents ("Third Supplement") on October 13, 2016. *See Plaintiff's Motion to Compel (ECF No. 41),* Exhibit 3. The Third Supplement amended the Defendant Landowners' computation of precondemnation damages by stating a claim for lost rental damages of $107,000 per year from May 2010 to present. *Id.* Alternatively, the Defendant Landowners claimed lost rental income of approximately $474,754, that with interest yields a total lost rental income claim of $555,732 to $665,075. *Id.*

On October 21, 2016, the Court granted the parties' stipulation to extend the rebuttal expert witness disclosure deadline to November 3, 2016. *Order (ECF No. 36).* On November 2, 2016, the Court granted the parties' stipulation to further extend the rebuttal expert witness disclosure deadline to November 17, 2016 and the discovery cut-off date to January 27, 2017. *Order (ECF No. 39).*

On November 17, 2016, Plaintiff disclosed four rebuttal expert witnesses "to rebut the alleged pre-condemnation damages proffered by the individual Defendants." *Reply (ECF No. 66),* pgs. 4-5. Plaintiff states that these rebuttal experts "are expected to testify regarding the opinions in their rebuttal reports which relate to Defendants' alleged pre-condemnation damages as set forth in Defendants' 'computation of damages' disclosed on September 27, 2016 and October 13, 2016." *Id.* at pgs. 4-5. One of these rebuttal experts is Plaintiff's appraiser, Tami L. Campa.

On November 17, 2016, the Defendant Landowners served their Fourth Supplement to List of Witnesses and Production of Documents ("Fourth Supplement"). *Motion (ECF No. 45),* Exhibit 6. The Fourth Supplement states that the Defendant Landowners' appraiser expert witness, Mr. DiFederico, will also testify regarding their claim for precondemnation damages. *Id.* The Defendant Landowners produced a November 17, 2016 report by Mr. DiFederico, entitled "A Supplemental Analysis," which analyzes the Defendant Landowners' precondemnation damages claim. Mr. DiFederico states that the

Defendant Landowners suffered a loss of rental income from June 2010 to February 2016 in the amount of $240,000. *Id.* He applies 12 % compound interest to this amount from June 2010 apparently to the date of his report, for total lost rental income damages in the amount of $473,717.14. *Id.*

Plaintiff moves to strike Mr. DiFederico's November 17, 2016 report on the grounds that the report is not a proper supplement to his previous expert report; nor is it a rebuttal expert report.

### **DISCUSSION**

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure provides that a party must make its expert witnesses disclosures at the times and in the sequences that the court orders. Absent stipulation or court order, the rule provides that "the disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure." This District's Local Rule (LR) 26-1(b)(3) states that "[u]nless the discovery plan otherwise provides and the court so orders" expert witness disclosures must be made 60 days before the discovery cut-off date and rebuttal-expert disclosures must be made 30 days after the initial disclosure of experts. In this case, the original discovery plan and scheduling order and the first stipulation and order extending the expert disclosure deadlines followed the sequence set forth in LR 26-1(b)(3). After the parties made their initial expert witness disclosures, the Court extended the deadline date for rebuttal expert disclosures to November 17, 2016.

Rule 26(a)(2)(E) states that parties must supplement their disclosures when required under Rule 26(e). Rule 26(e)(2), in turn, states that for an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Mr. DiFederico's November 17, 2016 report does not constitute a rebuttal expert report within the meaning of Rule 26(a)(2)(D)(ii). "A rebuttal expert may only testify afer the opposing party's initial expert witness testifies." *LaFlamme v. Safeway, Inc.*, 2010 WL 3522378, *2 (D.Nev. Sept. 2, 2010) (citing *Linder v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Hawai'i 2008)). "Specifically, rebuttal expert testimony must address the 'same subject matter' identified by the initial expert."

1  (citations omitted).  In other words, '[a] rebuttal expert report is not the proper place for presenting new
2  arguments.'"  *Id.* (quoting *Trowbridge v. United States*, 2009 WL 1813767 at *11 (D. Idaho June 25
3  2009)); *see also Nunez v. Harper*, 2014 WL 979933, *1 (D.Nev. 2014) and *R & O Const. Co. v. Rox
4  Pro Int'l Grp., Ltd.*, 2011 WL 2923703 (D.Nev. July 18, 2011).

5  In *Internet Services LLC v. Immersion Corp.*, 2008 WL 2051028 (N.D. Cal. May 13, 2008), the
6  defendant disclosed two expert witness reports on the rebuttal expert witness disclosure deadline even
7  though the plaintiff had not previously disclosed any expert witnesses.  In granting plaintiff's motion to
8  strike the defendant's experts' reports, the court stated:

> Here, because there were no opening expert reports, the [defendant's experts'] reports are not rebuttal reports "intended solely to contradict or rebut evidence of the same subject matter" contained in initial expert reports and therefore are untimely.  *See Jarritos v. Los Jarritos*, 2007 WL 1302506 (N.D.Cal. May 2, 2007) (White, J) (holding that there was no showing of substantial justification or harmlessness for some expert reports that were not timely served and that were not actually in rebuttal to the opening expert reports); *United States v. Southern Cal. Edison Co.*, U.S. Dist. LEXIS 24592, *, n. 2 (E.D. Cal. Sept. 23, 2005) (striking expert report that was not truly in rebuttal to an initial expert report: . . . ); *see also 3M Innovative Properties Co. v. Barton Nelson, Inc.*, 2004 WL 1774528 at *5 (D. Minn. August 8, 2004) (stating that "On October 17, 200[3], 3M submitted "Rebuttal Expert Reports" of Dr. Payne and Dr. Anderson.  However, as noted above, neither party made expert disclosures by September 3, 2003, as required by the scheduling order.  Therefore, absent any initial expert report to rebut, these reports must be excluded.  Barton Nelson's motion is granted on this point.").

18  In *Carroll v. Allstate Ins. Co.*, 2013 WL 3810864, *5 (D.Colo. July 22, 2013), the court also
19 struck plaintiff's purported rebuttal expert reports, stating that "Defendant did not designate any
20 affirmative expert witness. . . .  As a result, Plaintiff's purported rebuttal experts cannot possibly be
21 offering evidence to rebut any affirmative expert witnesses."

22  In this case, the Defendant Landowners did not initially disclose a retained expert witness, as
23 defined in Rule 26(a)(2)(B), to testify on their claim for precondemnation damages.  The Defendant
24 Landowners, instead, stated that Defendants Jackson, Strawn and Levy would testify in support of this
25 claim.  Plaintiff apparently viewed the individual Defendant Landowners as non-retained expert
26 witnesses who may provide expert testimony without being required to prepare written reports or
27 comply with the other provisions of Rule 26(a)(2)(B).  Accordingly, Plaintiff disclosed four expert
28 witnesses to rebut the testimony of Defendants Jackson, Strawn and Levy with respect to the

counterclaim for precondemnation damages. The Defendant Landowners have not disputed the propriety of Plaintiff's rebuttal expert disclosures. Although the Court has not been provided with Plaintiff's rebuttal experts' reports, it is evident from the circumstances that they are directed at rebutting the Defendant Landowners' computation of precondemnation damages and other information that the Defendant Landowners disclosed about that claim prior to November 17, 2016. Mr. DiFederico's November 17, 2016 report is not a rebuttal report because Plaintiff did not disclose any experts to testify in regard to the Defendant Landowners' precondemnation damages claim prior to that date.

Mr. DiFederico's November 17, 2016 report is also not a proper supplement under Rule 26(a)(2)(E) or (e). His initial expert report addressed only the Defendant Landowners' just compensation claim relating to the diminished value of the property resulting from the partial taking. It did not address the Defendant Landowners' counterclaim for precondemnation damages. As stated in *Hologram USA, Inc. v. Pulse Evolution Corporation*, 2016 WL 3965190, *2 (D.Nev. July 7, 2016):

> Rule 26(e) "creates a duty to supplement, not a right." *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 596, 500 (9th Cir. 2009). Supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). It is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.*

Absent a stipulation by the parties or leave of court, an expert witness cannot "supplement" his initial report under Rule 26(a)(2)(B) by providing opinions on a completely different claim that was not addressed in the initial report.

Rule 37(c)(1) states that if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, or hearing, or at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court may order the payment of reasonable expenses, including attorney's fees caused by the failure, may inform the jury of the party's failure, and may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). The burden is upon

the disclosing party to show that the failure to disclose was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).  Rule 37(c)(1) does not require the court in all instances to exclude evidence as a sanction for late disclosure that is neither justified nor harmless.  In *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997), the court stated that the following factors should be considered in deciding whether an untimely disclosed expert witness should be precluded:  (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the other parties, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions.  The court in *University of Pittsburgh*, 2006 WL 837606, *1 (C.D. Cal. Oct. 3, 2006) stated that application of the *Wendt* factors is limited to cases in which the severe sanction of dismissal or default is sought. *Wendt*, however, did not state that these factors should only be considered if the preclusion order would result in dismissal.  *See NW Pipe Co. v. DeWolff, Boberg and Associates, Inc.*, 2012 WL 137585, *3 (C.D. Cal. Jan. 17, 2012) (discussing application of the *Wendt* factors on a motion to preclude testimony on damages not included in plaintiff's computation of damages).  If preclusion of evidence will eliminate the plaintiff's damages claim, however, this weighs in favor of a lesser sanction.  *Id.* at *4.

      Consideration of the *Wendt* factors weighs in favor of striking Mr. DiFederico's November 17, 2016 report.  The Defendant Landowners made an apparent decision prior to the September 27, 2016 initial expert witness disclosure deadline to present their precondemnation damage claim through the testimony of the Defendants Jackson, Strawn and Levy.  Plaintiff's experts prepared their rebuttal opinions to respond to that testimony.  As evidenced by the October 20, 2016 stipulation and order extending the rebuttal expert disclosure deadline, the Defendant Landowners knew that Plaintiff intended to disclose an expert to rebut the Defendant Landowners' testimony. *Stipulation and Order (ECF Nos. 34, 36).*  The Defendant Landowners should have notified Plaintiff substantially before November 17, 2016 that Mr. DiFederico was preparing an expert report on precondemnation damages so that if such a report was allowed, Plaintiff's experts could await receipt of that report prior to preparing their rebuttal reports.  If the Defendant Landowners are now permitted to introduce Mr. DiFederico's opinions on precondemnation damages,  Plaintiff's experts would have to be given the opportunity review his report and revise their rebuttal opinions.  Although this could be done, it would

result in additional expense to Plaintiff that could have been avoided if Mr. DiFederico's report on precondemnation damages had been timely disclosed. Permitting Mr. DiFederico's report would also require the reopening of discovery. Moreover, the Defendant Landowners have made clear that they still intend to pursue recovery of precondemnation damages based on Defendants Jackson, Strawn and Levy's significantly higher estimates of those damages. Mr. DiFederico's November 17, 2016 opinions are, in effect, an alternative basis for recovery if the jury does not accept the Defendant Landowners' testimony. It therefore does not appear that the Defendant Landowners will be precluded from pursuing their claim for precondemnation damages if Mr. DiFederico's untimely report is excluded.

## CONCLUSION

The Defendant Landowners' failure to timely disclose Mr. DiFederico's November 17, 2016 report was not substantially justified or harmless. Consideration of the *Wendt* factors does not favor excusing the Defendant Landowners' failure to disclose the report. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Tio DiFederico's Supplemental Report (ECF No. 45) is **granted**.

DATED this 18th day of January, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge