# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE STATE OF NEVADA, on relation of its Department of Transportation,

      Plaintiff,

vs.

UNITED STATES DEPARTMENT OF THE TREASURY – INTERNAL REVENUE SERVICE, *et al.*,

      Defendants.

Case No.: 2:16-cv-00665-APG-GWF

**ORDER**

**Re: Motion to Strike (ECF No. 105)**

This matter is before the Court on Plaintiff's Motion to Strike Tio DiFederico's Supplemental Report (Second) Regarding the Temporary Construction Easement (ECF No. 105), filed on May 12, 2017. Defendants Jackson, Strawn and Levy filed their Response (ECF No. 108) on May 26, 2017, and Plaintiff filed its Reply (ECF No. 109) on June 2, 2017. The Court conducted a hearing in this matter on June 12, 2017.

## **BACKGROUND**

This case involves an action in eminent domain brought by Plaintiff State of Nevada to condemn and determine the value of land owned by Defendants adjacent to Interstate 15 in central Las Vegas, Nevada. The Plaintiff condemned approximately 20 percent of the Defendants' property along its eastern edge. The Plaintiff also acquired a four year temporary construction easement of 1,728 square feet (0.04 acres) on the property. In his initial expert report dated September 27, 2016, Defendants' appraiser-expert witness, Tio DiFederico, stated that the fair market value of the real property acquired by the Plaintiff is $205,000. He stated that the value of the four year temporary construction easement

obtained by Plaintiff is $10,000. On February 23, 2017, Defendants served a report by Mr. DiFederico entitled "A Supplemental Analysis" which was "prepared to revisit and analyze the valuation of a temporary construction easement (TCE) acquired for Project Neon on the above referenced property." *Motion* (ECF No. 105), *Exhibit 4*, pg. 991. Mr. DiFederico states that in his original report, he assumed that the property owners would be able to access and use their site, although the Nevada Department of Transportation (NDOT) would have the right to use the area encumbered by the TCE for approximately 48 months. This assumption was based on the lack of any specific uses stated in the documents provided to the land owners, and on Mr. DiFederico's experience that "governmental agencies typically work with the property owner on these TCE's to limit the any (sic) disruption of their remaining property." *Id.* at pg. 992. Mr. DiFederico visited the property several times in January and February 2017. He observed that NDOT's use of the the temporary construction easement completely blocked access to Defendants' property. The eastern portion of the TCE, which fronts Martin Luther King Boulevard, was fenced off, except for a temporary driveway for the large trucks being used for the construction of Project Neon. Based on these observations, Mr. DiFederico recalculated the value of the temporary construction easement, for the 48 month period beginning on February 23, 2016, to be $265,000. *Id.* at pg. 994.

Plaintiff denies that it has blocked or will block access to the remainder of Defendants' property during its use of the temporary construction easement. Plaintiff states that the construction work in the vicinity of Plaintiff's property will be completed within the next few months, at which point the Plaintiff will no longer use the temporary construction easement for that purpose. The subject property is vacant land whose highest and best use is to hold for investment. Plaintiff therefore argues that Mr. DiFederico's supplemental report is simply an untimely and invalid attempt to increase the alleged value of Defendants' condemnation award. Plaintiff argues that Mr. DiFederico's April 11, 2017 deposition testimony supports this conclusion. Mr. DiFederico testified as follows:

> Q. But your opinion is that they need to be compensated for every day for 48 months, correct?
>
> A. Correct. That's because they have the right to block. They took the right; they have to pay for that right.
>
> Q. Why didn't you say that in September of 2016 when the exact same

|   |   |   |
|---|---|---|
| 1 |   | legal right was already taken? |
| 2 | A. | Because I've never seen anybody do this in my 30 years block an entire site for months, and that's what they're doing on this site, and that's what I base my opinion on. This is a unique situation, I guess, and it should be valued uniquely. So I did not expect this to happen because I've never seen it before. |
| 5 | Q. | And, again, Tio let's just be very clear, is your opinion of value based upon the fact that the State has the legal right to use the property for 48 months or is it based upon the actual use that's being made of the property? . . . |
| 8 | A. | The Witness: It's the right. You took the right to use that strip which gives you the right to block their property, and in my opinion you should pay for that. . . . |
| 10 | Q. | Okay. And that legal right is set forth in the TCE, right, correct? |
| 11 | A. | Yes. |

*Motion* (ECF No. 105), *Exhibit 5.*

Mr. DiFederico acknowledged that the temporary construction easement has not changed since September 2016. He also did not know whether the Defendants have been on the property since the temporary construction easement has been in effect. *Id.*

## **DISCUSSION**

The Court previously struck a supplemental expert report by Mr. DiFederico in which he rendered opinions regarding Defendant's alleged pre-condemnation damages. Because Mr. DiFederico did not render any opinion on that subject in his original report, the Court held that Defendant could not submit an expert opinion on an entirely new topic after the expert witness disclosure deadline had expired. *See Order* (ECF No. 68). As discussed in that order, Fed.R.Civ.Pro. 26(a)(2)(E) states that parties must supplement their disclosures when required under Rule 26(e). Rule 26(e)(2), in turn, states that for an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Rule 26(e) "creates a duty to supplement, not a right." *Hologram USA, Inc. v. Pulse Evolution*

*Corporation*, 2016 WL 3965190, *2 (D.Nev. July 7, 2016) (citing *Luke v. Family Care & Urgent Med. Clinics*, 323 Fed.Appx. 496, 500 (9th Cir. 2009)). *Hologram* states:

> Supplementation "means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). It is not "a loophole through which a party who submits partial expert witness disclosures, or who wishes to revise her disclosures in light of her opponent's challenges to the analysis and conclusions therein, can add to them to her advantage after the court's deadline for doing so has passed." *Id.*

*Id.* at *2

The timeliness of Mr. DiFederico's February 23, 2017 supplemental report is intertwined with its validity, or lack thereof. If an expert witness discovers new information that materially affects his opinions, and which did not exist or could not have been obtained prior to his initial report, then supplementation is presumably proper. Even then, the court must evaluate the party's need to present the new opinion testimony in light of other relevant factors, including the prejudice to the opposing party as a result of having to meet new evidence, the public interest in expeditious resolution of litigation, and the court's need to manage its docket. *See Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295-96 (2d Cir. 2006); *R & R Sails, Inc. v. Insurance Co. of Pa.*, 673 F.3d 1240, 1247 (9th Cir. 2012).

Mr. DiFederico bases his supplemental opinion on his alleged discovery in January and February 2017 that Plaintiff or its agents were using the temporary construction easement in a manner that completely blocked Defendants' access to their property. Apparently, there is nothing in the documents relating to the temporary construction easement that expressly gives the Plaintiff this right. According to Mr. DiFederico's supplemental report, "[i]t was assumed that the property owner's (sic) would be able to access and use their site . . . . This assumption was made due to the lack of any specific uses stated for this TCE in the documents provided to the land owners." *See Exhibit 4*, pg. 991. There is no indication that Plaintiff claims such a right. It denies that its agents or contractors have blocked Defendants' access to their property.

In *S.O.C., Inc. v. Mirage Casino-Hotel*, 117 Nev. 403, 23 P.3d 243, 246 (2001), the Nevada Supreme Court stated that "[t]he extent of an easement, like any other conveyance of rights in real

4

1 property, is fixed by the language of the instrument granting the right." An easement must be construed
2 strictly in accordance with its terms, and is generally construed strictly in favor of the owner of the
3 property. *Id.* at 246-47. "The cases generally hold that an easement obtained by a governmental entity for
4 a public use is only as broad as necessary for the accomplishment of the public purpose for which the
5 easement is obtained and, to the extent the easement holder exceeds this right, it will be regarded as a
6 trespasser and is responsible for damages." *Id.* at 247 (quoting *Dixon v. City of Phoenix*, 173 Ariz. 6122
7 845 P.2d 1107, 1114 (Ariz. App. 1992)). *See also City of Las Vegas v. Cliff Shadows Professional*
8 *Plaza, LLC*, 129 Nev.Adv.Op. 2, 293 P.3d 860, 866-67 (2013). Under the facts alleged by Mr.
9 DiFederico, Plaintiff has arguably trespassed on Defendants' property by exceeding the scope of its
10 temporary construction easement.

Mr. DiFederico's supplemental report is not untimely to the extent his revised valuation of the temporary construction easement is based on his observations of Plaintiff's alleged use of the easement in January and February 2017. Whether this alleged use supports a re-valuation of the temporary construction easement from $10,000 to $265,000 is another matter. The new facts alleged by Mr. DiFederico may support no more than a finding of trespass by virtue of Plaintiff exceeding the scope of its temporary construction easement. These issues are an appropriate subject for a motion in limine regarding the validity of Mr. DiFederico's supplemental valuation of the temporary construction easement.

Plaintiff has already deposed Mr. DiFederico regarding his supplemental opinion on the value of the temporary construction easement. Plaintiff is also entitled to obtain an opinion from its own expert(s) to rebut Mr. DiFederico's supplemental opinion.

**CONCLUSION**

Based on the foregoing, the Court finds that Mr. DiFederico's supplemental report regarding the value of the temporary construction easement is not untimely. The validity of that opinion, however, is debatable. Accordingly,

. . .

. . .

. . .

5

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Tio DiFederico's Supplemental Report (Second) Regarding the Temporary Construction Easement (ECF No. 105) is **denied**, without prejudice to filing a motion in limine to exclude Mr. DiFederico's supplemental report on the grounds that it is not a valid expert opinion.

DATED this 29th day of June, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge