# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF NEVADA,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, et al.,<br><br>  Defendants. | Case No. 2:16-cv-00665-APG-GWF<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>(ECF No. 110) |

Plaintiff State of Nevada exercised its eminent domain powers and condemned property needed for a public roadway project called Project Neon. Included in the condemned property was a portion of a vacant lot at 1404 S. Martin Luther King Boulevard in Las Vegas. Defendants Darrell E. Jackson; Thomas M. Strawn, Jr.; and Andrew S. Levy (the "Landowners") own the property.

The State filed an eminent domain action to assess the just compensation due for the property. The Landowners counterclaimed for pre-condemnation damages based on several categories of damages. I previously granted summary judgment in the State's favor as to two of these categories (lost rent and holding costs) because the damages were too speculative. ECF No. 121. The Landowners also seek payment for what they characterize as lost professional services. Prior to the condemnation, they incurred $58,758 in attorney's fees to rezone the property from residential to office and paid $7,500 to an architect to design an office building.

The State moves for summary judgment as to these damages, raising three arguments. First, the State contends that no Nevada court has ever recognized lost professional services as a compensable category of pre-condemnation damages. Second, the State argues that the Landowners incurred the costs and decided to abandon the office building project before the State announced Project Neon. The State thus asserts the damages cannot be said to have been caused by the State's alleged delay in initiating condemnation procedures following its announcement.

Finally, the State argues the value of the professional services were not lost because the property retains its office zoning.

The Landowners respond that Nevada law does not exclude any particular type of pre-condemnation damages nor does it preclude pre-announcement activity from being considered. They also argue the value of the services was lost because given the uncertainty surrounding Project Neon, the Landowners could not make use of the services they had paid for, as it would have been foolhardy to build an office building in light of the proposed condemnation.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

Nevada recognizes a claim for pre-condemnation damages. *State ex rel. Dep't of Transp. v. Barsy*, 941 P.2d 971, 976 (Nev. 1997), *overruled on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11 (Nev. 2001), *and modified in part by Buzz Stew, LLC v. City of N. Las Vegas*, 181 P.3d 670 (Nev. 2008) (en banc). But "not every decrease in market value as a result of precondemnation activity is compensable." *Sproul Homes of Nev. v. State ex rel. Dep't of Highways*, 611 P.2d 620, 622 (Nev. 1980). To make out a pre-condemnation damages claim, the landowner must show: (1) "an official action by the [would be] condemnor amounting to an announcement of intent to condemn;" (2) the condemnor "acted improperly following the

agency's announcement of its intent to condemn," such as by "unreasonably delaying an eminent domain action after announcing its intent to condemn the landowner's property;" (3) resulting in damages. *Buzz Stew*, 181 P.3d at 672-73; *Barsy*, 941 P.2d at 976-77.

The Landowners bear the burden of providing an evidentiary basis to support the amount of damages they seek. *Frantz v. Johnson*, 999 P.2d 351, 360 (Nev. 2000). "Although the amount of damages need not be proven with mathematical certainty, testimony on the amount may not be speculative." *Clark Cty. Sch. Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 97 (Nev. 2007).

The Landowners have not raised an issue of fact that the State's post-announcement conduct caused them to lose the value of the professional services. They paid to obtain office zoning, they obtained that zoning, and that zoning remains intact today. ECF No. 110-8 at 6. Landowner Jackson testified that developing an office building is the preferred plan if feasible. ECF No. 118-3 at 5. While there was some evidence that in 2011 and 2012 an office building might not be feasible, the Landowners' expert opined in 2016 that the best use of the property is to hold it for future office space development. ECF No. 110-8 at 7-8.

By asserting that the State's delay left them in limbo about whether to construct an office building, the Landowners are really trying to recover for a lost opportunity, rather than lost professional services. I previously granted summary judgment in the State's favor on the lost rent claim because the Landowners could not produce non-speculative evidence to support it. To the extent the Landowners lost an opportunity to develop an office building and thus lost rents, they failed to present non-speculative evidence to support that claim, as I previously ruled. Accordingly, I grant the State's motion for summary judgment on the claim for pre-condemnation damages in the form of lost professional services.

IT IS THEREFORE ORDERED that plaintiff State of Nevada's motion for partial summary judgment **(ECF No. 110) is GRANTED**.

DATED this 13th day of October, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE