|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | * * * | |

| | | |
|---|---|---|
| 4 | STATE OF NEVADA, | Case No. 2:16-cv-00665-APG-GWF |
| 5 | Plaintiff, | |
| 6 | v. | **ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| 7 | UNITED STATES DEPARTMENT OF THE TREASURY, et al., | (ECF No. 112) |
| 8 | Defendants. | |

Plaintiff State of Nevada exercised its eminent domain powers and condemned property needed for a public roadway project called Project Neon. Included in the condemned property was a portion of a vacant lot at 1404 S. Martin Luther King Boulevard in Las Vegas. Defendants Darrell E. Jackson; Thomas M. Strawn, Jr.; and Andrew S. Levy (the "Landowners") own the property.

In addition to condemning a portion of the property, the State also obtained a four-year temporary construction easement of approximately 1,728 square feet or 0.04 acres. ECF Nos. 112-1 at 4; 112-2 at 3. The State's expert opined that the just compensation owed for the temporary construction easement was a four-year rental value of $9,000. ECF No. 117-1 at 5. The Landowners' expert, Tio DiFederico, reached a similar value ($10,000) using a similar methodology. *Id.* at 8-10.

I granted the State's motion for occupancy on April 4, 2016. ECF No. 8. However, the State did not begin using the temporary construction easement until January 16, 2017. ECF No. 112-1 at 4. Dale Keller, the project manager for Project Neon, avers that he never received a complaint from the Landowners about not being able to access or use the unencumbered remainder of the property. *Id.* at 4-5.

However, in February 2017, the Landowners disclosed a new expert report opining that the Landowners are entitled to $265,000 in compensation for four years' rent of the

unencumbered remainder because the State has exceeded the temporary construction easement and blocked access to the remainder of the property. DiFederico visited the site a few times and noted that the State's use of the temporary construction easement had "completely blocked access to the unencumbered remainder" due to fencing and the placement of trucks and a crane on the easement. ECF No. 112-2 at 4-5. Landowner Strawn testified that he saw workers parking their vehicles on the remainder of the property, not in the easement. ECF No. 117-8 at 3-4. DiFederico suggests that 48 months of rent of the remainder are due, given the State's four-year temporary easement. ECF No. 112-2 at 5.

The State moves for summary judgment on the Landowners' request for four years' rent for the remainder. The State admits it owes rent for the temporary construction easement. But it argues it should not have to pay rent on the unencumbered remainder of the property because it is not using it nor will it. The State argues that to the extent the Landowners contend the State's activities damage the Landowners' ability to use the remainder of the property, there is no evidence the Landowners have suffered actual losses because the lot is vacant so there is no non-speculative proof of damages. Finally, the State argues that even if damages could be shown, there is no basis to request four years' worth of rent. The State did not start actually using the property until January 16, 2017, so any request for rent before that date is unsupported.

The Landowners respond that once their expert realized that he erroneously assumed that access to the remainder would not be blocked, he applied the same valuation methodology to the remainder to determine the rental value owed. The Landowners also assert that contrary to the State's assertion, the State is using part of the remainder in addition to the temporary easement, such as parking cars and trucks there. The Landowners thus contend that they are properly seeking just compensation for the area actually being occupied by the State, which is larger than what was set forth in the temporary easement. As for the appropriate time frame for how long rents should be paid, the Landowners argue that the State identified that it would need the temporary easement for four years. Alternatively, the Landowners argue the compensation owed is a fact question for the jury.

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The Landowners have presented evidence raising a genuine dispute about whether the State (1) used a greater area as the easement than it said it would and (2) occupied the remainder by blocking access to it. Landowner Strawn testified under oath that he saw cars parked on the remainder. DiFederico states that he saw equipment and fencing blocking access to the property.[1] Whether the State in fact took more than it anticipated is a question of fact for the jury to resolve.

The State, through its own expert, concedes it must pay just compensation in the form of rent for the temporary construction easement. Whether the State's occupation of the remainder, in whole or in part, constitutes a taking for a public purpose, or was the result of discrete acts of trespass by State employees, is a matter for the finder of fact.[2] Likewise, it will be for the jury to determine how much of the property the State took for the temporary construction easement and

---

[1] Although the State objects to DiFederico's report as inadmissible hearsay, presumably the Landowners could present DiFederico's testimony in admissible form at trial. *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) ("At the summary judgment stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents.").

[2] The State did not argue that the Landowners' claim was actually one for trespass until its reply brief. I thus decline to consider that argument as a basis for granting judgment in the State's favor. *Vasquez v. Rackauckas*, 734 F.3d 1025, 1054 (9th Cir. 2013). But even if I did, as discussed above, a jury will have to resolve the fact question.

for how long.  Consequently, I deny the State of Nevada's motion for partial summary judgment regarding the four years' rent for the remainder.

IT IS THEREFORE ORDERED that plaintiff State of Nevada's motion for partial summary judgment **(ECF No. 112) is DENIED**.

IT IS FURTHER ORDERED that the parties shall prepare and file a proposed joint pretrial order on or before November 13, 2017.

DATED this 13th day of October, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE