# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STATE OF NEVADA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, et al.,<br><br>Defendants. | Case No. 2:16-cv-00665-APG-GWF<br><br>**ORDER DENYING PETITION TO APPEAL**<br><br>(ECF No. 135) |

Defendants Darrell E Jackson, Thomas M. Strawn, and Andrew S. Levy filed a petition for permission to appeal. ECF No. 135. Under 28 U.S.C. § 1292(b), I may certify a non-final order as appealable when I find that the order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

The case has not fully and finally concluded, so an appeal on one aspect of the case would be premature and would multiply the proceedings rather than promote efficiency by having all issues heard on appeal as a single unit. *See Am. States Ins. Co. v. Dastar Corp.*, 318 F.3d 881, 884 (9th Cir. 2003) (stating policy in favor of promoting judicial efficiency and avoiding piecemeal appeals). Additionally, the parties have requested expedited treatment to avoid certain Nevada statutory requirements about the timing of this condemnation case. *See* ECF No. 120 at 3. Because the remainder of this case should be resolved in the coming months, certification will not materially advance termination of the entire litigation. For the same reason, I deny the request (raised for the first time in the reply) to enter final judgment on the counterclaims under Federal Rule of Civil Procedure 54(b).

I take this opportunity to address the defendants' argument in their reply that I improperly required them to present evidence of lost rents when what they are seeking is rental value once their land was frozen by the State of Nevada's announcement of Project Neon. The defendants'

response on summary judgment argued (among other things) that they were seeking the rental value of the land that was frozen once the State of Nevada announced Project Neon. ECF No. 77 at 12. The only evidence the defendants cited in support was a supplement to their list of witnesses and production of documents. *Id.*; ECF No. 82 at 25-34. That exhibit includes a calculation of rental value with no citation to supporting evidence and it provides no indication of who (besides possibly the defendants themselves) would provide testimony in support. ECF No. 82 at 30-32. The exhibit references an expert report but no expert report or affidavit is attached to the defendants' opposition. *Id.* at 32. No owner declaration or testimony about rental value throughout the claimed damages period was attached. The opposition thus was supported only by attorney argument. And, as the State of Nevada pointed out in its reply, defendants Strawn and Levy disclaimed having opinions about the property's value at relevant points in the rental analysis, denied any participation in preparing the rental damages calculation, and indicated they would not testify about it at trial. ECF Nos. 91-1 at 3-4; 91-2 at 4-9. My ruling was and remains that the defendants have failed to present non-speculative evidence of damages sufficient to raise an issue of fact on summary judgment, whether the damages are based on an office building that was never built or the rental value of vacant land.

IT IS THEREFORE ORDERED that Defendants Darrell E Jackson, Thomas M. Strawn, and Andrew S. Levy's petition for permission to appeal **(ECF No. 135) is DENIED**.

DATED this 10th day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE